ALBERT K. THOMPSON

*v.*

GEORGE T. MOXEY et al.

A charge, in a bill, of want of power by a stockholder to contest the validity of an agreement made by the directors, contained in a separate and distinct paragraph, unconnected with the incidents and conditions of fact under which the agreement was entered into, is demurrable, as presenting to the court for decision an abstract proposition of law without reference to the particular facts of the case.

On demurrer to part of the bill.

*Mr. T. E. French,* for the complainant.

*Mr. M. P. Grey,* for the demurrant.

GREEN, V. C.

This suit is brought to contest the validity of a contract made by the directors of The Seven Mile Beach Company with the

defendant, Moxey, by which they agreed to accept certain shares of the stock of the company in payment, or part payment, of the price of lands of the company sold to said Moxey.

The company is incorporated under the general laws of this state, and the complainant is the owner and holder of stock therein.

The bill of complaint, in a separate and distinct paragraph, charges that the directors of the company, under the laws of this state and its certificate of organization and by-laws, "have no power or authority to accept the stock of said company in payment or part payment of the price of the lands of said company sold by them."

To this part of the bill, so embraced in this paragraph, the defendants demur, on the ground that the said directors have the power so denied.

The bill contains allegations of facts, antecedent to and connected with the contract, as to which the defendants have answered, admitting some, denying others.

In this condition of the pleadings, it is impossible to say from them under what conditions this contract was entered into or what the facts attendant upon it admittedly are.

The charge of want of power, as made in the bill, is not made as based on the facts connected with this case, but as an abstract proposition, and the demurrer to it admits none of the allegations of fact, but these are met by the answers filed.

The court is, then, by this condition of the pleadings, asked to decide, without being advised under what circumstances or attendant conditions the contract in question was entered into, that the directors had or had not the power to make it, so far as accepting capital stock in payment or part payment for lands sold is concerned. In other words, the opinion of the court is sought on an abstract question of law without reference to the particular facts of the case.

The court can only properly decide a case upon the facts thereof as presented by the pleadings or proofs; to decide outside of the facts, or without reference thereto, is simply to express the individual opinion of the judge upon a certain proposition. It is

Bonnell *v.* Bonnell.

mere *dictum.* Ordinarily a demurrer carries with it the admission of the facts leading up to the conclusion of law which such demurrer is interposed to attack. But the complainant has so framed and isolated this charge of want of power that it is open to attack by demurrer without the defendant thereby admitting any allegation of fact.

I am of opinion that these demurrers should be sustained, on the ground that it does not appear, by the pleadings, what were the incidents and conditions of fact under which the agreement was entered into, the invalidity of which is attacked by the part of the bill demurred to.